**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3902
_____

UNITED STATES OF AMERICA

v.

STEPHEN SCOTT LANDES,
                                        Appellant
_____

Appeal from the United States District Court
For the District of Delaware
(District Court No. 1-19-cr-00080-001)
District Judge: Hon. Richard G. Andrews

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 7, 2020

Before: McKEE, PORTER, and FISHER, *Circuit Judges*.

(Opinion filed: January 20, 2021)

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Stephen Landes appeals the reasonableness of the sentence that was imposed after he pled guilty to violating 18 U.S.C. §844(e) by engaging in several instances of "swatting." For the reasons that follow, we will affirm the judgement of sentence.

Landes does not claim the District Court made a "procedural error" in imposing his sentence.[1] Rather, he argues that the sentence was unreasonable, because the court imposed a three-month upward variance and "undervalued" his mental history.[2] Landes cites 18 U.S.C. § 3553(a)(1) in asserting that his mental history should have been "the most significant mitigating factor."[3]

We review the "substantive reasonableness" of a sentence for abuse of discretion.[4] In doing so, we give "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."[5] We affirm the sentence "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for reasons the district court provided."[6]

Here, Judge Andrews, clearly stated, "I did read the psychological report…a disorder [-] does seem to apply pretty aptly... And so I … I take into account the

---

[1] *See Gall v. United States*, 552 U.S. 38, 53 (2007).
[2] Appellant Brief at 16.
[3] *Id*.
[4] *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008).
[5] *Gall*, 552 U.S. at 51.
[6] *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

history[.]"[7]  However, the court also appropriately recognized that Landes's mental state was but one factor to be considered under § 3553(a).  Others included the fact that Landes's bomb threats interrupted the education of thousands of school children, traumatized parents, and harmed "innocent bystanders [who were] in the crossfire" of his feud with Phipps.[8]  Accordingly, given the horrific school violence that has become all too common, the District Court recognized the need for the sentence imposed to adequately reflect the seriousness of the offense and to deter others from engaging in it. However, in doing so, Judge Andrews also showed some leniency and compassion by waiving some fines and minimizing the extent of the upward variance that he imposed.

Accordingly, the sentence that was imposed was reasonable.  We will therefore affirm the District Court's judgment and sentence.

---

[7] Joint Appendix at 16. Judge Andrews did state that Mr. Landes's diagnoses "seemed to have nothing to do [with] the crimes, and so… they [did not] affect [his] judgment as to what the sentence ought to be." *Id.* This statement, however, does not signal a devaluation of Mr. Landes's mental health history. Instead, it implies that Judge Andrews did not believe that the weighing of factor § 3553(a)(1) was significant enough to warrant a downward variance for appellant and prevent a slight upward variance for appellee. No procedural error was committed, as a weighing of the factors was present on the record.
[8] *Id.* at 14.